IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY PIERCE,

                          Plaintiff,

v.                                                Case No. 17-2233-JTM

PRIMEREVENUE, INC., et al.,

                          Defendants.

**ORDER**

Plaintiff, a former salesman for defendant PrimeRevenue, Inc., filed this action claiming defendants owe him commissions and the value of stock options. Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is the motion of defendants to stay discovery pending the court's ruling on their motion to partially dismiss plaintiff's amended complaint (ECF No. 30). Because the court finds no reason to stray from the general rule that discovery is not stayed simply because a dispositive motion has been filed, the motion to stay is denied.

Plaintiff filed this case in Kansas state court alleging breach of contract and violation of the Kansas Wage Payment Act (Count I), breach of the covenant of good faith and fair dealing (Count II), quantum meruit (Count III), and tortious interference with a business expectancy (Count IV). Defendants removed the case to this court and shortly thereafter

moved to dismiss Counts II–IV for failure to state claims upon which relief can be granted.[1] Defendants now seek to stay discovery pending a ruling on the motion to dismiss.

The decision whether to stay discovery rests in the sound discretion of the court.[2] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[3] Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[4] The court has recognized that there may be exceptions to this rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[5]

The court does not find this to be one of the rare instances in which staying discovery is justified. The first exception does not apply here because there is no dispute that the

---

[1] ECF No. 17.

[2] *Bank of Blue Valley v. Lasker Kim & Co.*, No. 15-9303-CM, 2016 WL 6604065, at *1 (D. Kan. March 29, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) and *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013)).

[3] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC,* No. 13-1168, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[4] *Bank of Blue Valley*, 2016 WL 6604065, at *1 (citing *Kutilek*, 132 F.R.D. at 297, and *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014)).

[5] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297-98).

motion to dismiss does not challenge Count I, so the case will not be concluded via the motion. Moreover, the undersigned has reviewed the motion and the briefs that accompany it, and cannot say that Counts II-IV are *likely* to be concluded via the motion. The undersigned certainly does not presume to predict how the presiding U.S. District Judge, J. Thomas Marten, will view or rule the motion—indeed, he *may* grant the motion—but this is not a case in which the likely outcome of the motion is clear.[6]

Second, the undersigned is not clearly convinced that facts learned in discovery would not affect the resolution of the motion to dismiss. This question is a close one. Although defendants state their motion to dismiss should be granted based on Kansas's at-will employment doctrine, plaintiff argues the doctrine has no application in this case. The determination of certain factual questions might possibly affect Judge Marten's resolution of this question. On the other hand, additional discovery may not be necessary to develop the factual record for a ruling on the motion to dismiss. Given the general rule disfavoring the stay of discovery, "out of an abundance of caution, and in its discretion, the court will not stay discovery in the present case simply because the pending motion to dismiss may not

---

[6]*See Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) ("To stay discovery, defendants must prove that they are *likely* to prevail on the dispositive motion. While defendant has raised arguments as to the jurisdictional issue of plaintiff's benefit claims, it is not clear at this stage, especially given a liberal construction of the plaintiff's pleading, that the district court must find it has no jurisdiction over the case.").

need further discovery."[7]

Finally, the undersigned does not find that moving forward with discovery will be wasteful and burdensome. As noted above, Count I will remain in this case regardless of the outcome of the dispositive motion. Given the similar elements of plaintiff's claims and the underlying facts that are relevant to multiple claims (i.e., relevant beyond Count I), discovery affecting multiple claims is not unnecessarily burdensome. During the July 10, 2017 scheduling conference, the court and parties discussed the effect that the pending dispositive motion should have on the scope of discovery. In the scheduling order issued thereafter, the court stated, "the parties have agreed to focus their discovery efforts in the short term on the claims in Count I; however, *mindful of the factual overlap*, there is no bright-line stay of discovery on Counts II, III, and IV."[8] That ruling still applies.

Because no clear exception applies that would warrant it, the undersigned declines to stay discovery pending resolution of the dispositive motion.

IT IS THEREFORE ORDERED that defendants' motion to stay discovery is denied.

Dated July 27, 2017, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge

---

[7] *Bank of Blue Valley*, 2016 WL 6604065, at *1 (quoting *Holroyd*, 2007 WL 1585846, at *2).

[8] ECF No. 22 at 4 (emphasis added).