IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY PIERCE,

   Plaintiff,

   vs.         Case No. 17-2233-JTM

PRIMEREVENUE, INC., *et al.*,

   Defendants.

MEMORANDUM AND ORDER

   According to his Amended Complaint (Dkt. 14), Terry Pierce worked as a salesman for PrimeRevenue, a supply chain funding facilitator. Pierce alleges that, in their efforts to market the sale of PrimeRevenue, two officers of the company discharged him in order to prevent him from obtaining promised commissions and exercising stock options. Count 1 of the complaint seeks recovery against PrimeRevenue, David Quillian and B.J. Bain for breach of contract and violation of provisions in the Kansas Wage Payment Act (KWPA), K.S.A. 44-323, 44-315(h). Count 2 alleges the three defendants breached duties of good faith and fair dealing. Count 3 seeks recovery from the company for the value of plaintiff's services. Count 4 alleges that Quillian and Bain tortuously interfered with his compensation agreements with PrimeRevenue.

The defendants have moved to dismiss Counts 2, 3, and 4. They argue that Pierce was an at-will employee, and therefore he can have no claim under Kansas law for any lack of fair dealing or tortious interference. They argue any quantum meruit claim is preempted by the KWPA, K.S.A. 44-313. For the reasons provided herein, the court hereby grants the defendants' motion.

The relevant compensation agreements provide:

> Nothing in the [Commission Compensation Policy] Plan, or the fact of any person's participation herein, shall be construed to create or imply any contract of employment or guaranteed income for any period between PrimeRevenue, Inc. and the employee. All employees expressly recognize that their employment with PrimeRevenue, Inc. is and remains on an "at will" basis.

Similarly, Subsection 2(d) of the stock option certificate issued to Pierce provides:

> (d) *No Right to Employment or Other Relationship*. Nothing in the Plan or this Stock Option Agreement shall confer on Optionee any right to continue in the employ of, or other relationship with, the Company, or any Parent or Subsidiary, or limit in any way the right of the Company, or any Parent or Subsidiary, to terminate Optionee's employment or other relationship at any time, with or without cause.

(Emphasis in original.)

Pierce was an at-will employee of PrimeRevenue. Under Kansas law, "the duty of good faith and fair dealing is implied in every Kansas contract except employment-at-will contracts." *First Nat'l Bank of Omaha v. Centennial Park*, 48 Kan. App. 2d 714, 729, 303 P.3d 705 (2013).

In addition to this general rule, the defendants invoke *Deeds v. Waddell & Reed Inv. Mgmt. Co.*, 47 Kan.App.2d 499, 509, 280 P.3d 786, 794 (2012) for the proposition that Kansas

2

law would not recognize similar claims, observing:

> the Kansas Supreme Court has consistently emphasized [that] the public policy must be clearly declared by the state constitution, a state statute, or a court decision, and that the policy must be so definite that its existence isn't subject to substantial doubt. If this were not the case, the employment-at-will rule that lies at the heart of Kansas employment law would become the exception, not the rule.

As the plaintiff correctly points out, in this portion of the opinion the court was not addressing a claim for breach of good faith in order to recover the amount of previously-earned commissions. Rather, the plaintiff in *Deeds* presented a retaliatory discharge claim, based on the termination itself. *See id.* (plaintiff "argues ... an employer *cannot fire an employee* to avoid paying a commission that has already been earned [or] to prevent the employee from earning additional commissions") (emphasis added)).

However, the plaintiff's further suggestion that *Deeds* actually supports his claim is equally misplaced. The Court of Appeals concluded that the at-will employment doctrine could be avoided only "when some clear Kansas public policy requires it," which was not the case here because "[i]f the commissions have already been earned, they are still owed to the employee and may be recovered by him." *Id.* The plaintiff seizes on this last sentence as support for Count 2.

But, again, *Deeds* was a retaliatory discharge action, and involved no claim of breach of duties of good faith and fair dealing. The opinion provides nothing to support the idea that a claim for breach of the duty of good faith and fair dealing is the proper vehicle for recovery of the previous-earned commissions. A discharged employee can (as Pierce has

3

claimed here in Count 1) recover the valued of earned compensation by contractual or statutory claim. A claim for breach of duty of good faith and fair dealing is not simply superfluous, it has no foundation in Kansas law. *See Estate of Draper v. Bank of America*, 288 Kan. 510, 525, 205 P.3d 698 (2009) ("Kansas recognizes the duty of good faith and fair dealing in all contracts, except employment at-will contracts").

Defendants Quillian and Bain contend that they interfered with no business expectancy of the plaintiff because he was an at-will employee, because there was no actual expectancy to interfere with, and because as agents of PrimeRevenue they were not third parties to any such expectancy, and thus could not interfere with it. *See Diederich v. Yarnevich*, 40 Kan.App.2d 801, 810, 196 P.3d 411 (2008) ("When conducting business on behalf of a corporation, the corporate officers or directors are acting on the corporation's behalf, and one cannot tortuously interfere with a contract unless he or she is a third party unrelated to the contract.").

The plaintiff argues that Quillian and Bain were shareholders in the company, and violated duties owed to him as an individual. *See* Dkt. 35, at 8 (defendants' "duty derives from their position as stockholders"). Plaintiff also cites *Ayres v. AG Processing*, 345 F.Supp.2d 1200, 1212 (D. Kan. 2004) for the proposition that at-will employees may still pursue an action for tortious interference with a business expectancy.

The court finds that Count 4 should be dismissed. The plaintiff was an at-will employee and not a shareholder of PrimeRevenue. Under the relevant agreements, he had the opportunity to become a shareholder while he worked at the company — and for a

specified period of 90 days afterwards — but it appears he never exercised that option.

*Ayres* provides little support for plaintiff's argument. *Ayres* distinguished the many cases dismissing at-will employee claims for tortious interference with contract in comparison to claims for interference with prospective business advantage, finding limited support for the latter. *See id.* at 1212. The court also distinguished on the facts *Babbar v. Ebadi*, 36 F.Supp.2d 1269 (D. Kan. 1998), which dismissed a claim by a professor that the defendants interfered with his prospects for tenure, and stressed that *Babbar* "did not hold as a matter of law that at-will employees can never assert" such a claim. *Id.* Beyond recognizing that such claims are not absolutely foreclosed, the case provides no positive authority for the presentation of such a claim. Moreover, the *Ayres* court denied the motion to dismiss on entirely different grounds, finding that the pleadings "sufficiently raise the factual issue of whether Plaintiffs were at-will employees" in the first place. *Id.*

Here, there is no question that Pierce was at all relevant times an at-will employee of PrimeRevenue. The compensation letters and stock option certificate he points to in support of his claims all expressly restate the at-will nature of the relationship. Under the agreement of the parties, the relationship could be terminated at any time, with stipulated provisions for redeeming Pierce's stock option within a specified time, with no contract or guarantee of future employment. Because the plaintiff had no right to a continuation of the ability to earn commissions or exercise the stock option beyond its express terms, he had no claim for interference with any reasonable business expectation. The defendants are not liable for alleged tortious interference with an at-will employment relationship.

5

Finally, the court will dismiss the plaintiff's quantum meruit clam, as the plaintiff has a separate claim for compensation grounded on contract and the KWPA. Equitable claims such as quantum meruit are not available when the plaintiff has an adequate legal remedy. *See Deeds v. Waddell & Reed Inv. Mgmt.*, 47 Kan.App.2d 499, 511, 280 P.3d 786, 795 (2012). This court has previously dismissed similar claims where plaintiff has a separate contractual or statutory claim for relief. *See Rukavitsyn v. Sokolov Dental Labs.*, 2012 WL 3066578, at *6 (D. Kan. July 27, 2012) ("agree[ing] that Plaintiffs' quantum meruit claim should be dismissed because an adequate remedy at law is available under the KWPA"); *Garcia v. Tyson Foods*, 766 F.Supp.2d 1167, 1188 (D. Kan. 2011) (granting summary judgment against quantum meruit claims where plaintiffs had adequate legal remedy under KWPA).

IT IS ACCORDINGLY ORDERED this 12th day of October, 2017, that the defendants' Motion to Dismiss (Dkt. 17) is hereby granted. Their earlier Motion to Dismiss (Dkt. 8), filed before the Amended Complaint, is denied as moot.

\_\_\_s/ J. Thomas Marten_____  
J. THOMAS MARTEN, JUDGE
