IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2233-JTM |
| | ) |
| PRIMEREVENUE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff, a former salesman for defendant PrimeRevenue, Inc., filed this action claiming defendants owe him commissions and the value of stock options. Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is plaintiff's motion for an extension of time to disclose expert witnesses (ECF No. 48). Also pending is defendants' motion for leave to file an amended answer and counterclaim (ECF No. 49). For the reasons set forth below, both motions are granted.

<u>Legal Standard</u>

Motions to modify a scheduling order are governed by Fed. R. Civ. P. 16(b)(4), which provides, "A schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the 'scheduling

1

deadlines cannot be met despite [the movant's] diligent efforts.'"[1]  "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable."[2]  Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[3]

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15 dictates the court "should freely give leave when justice so requires."[4]  Nonetheless, a court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5]  When the deadline set in the scheduling order for amending pleadings has passed, Fed. R.

---

[1] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[2] *MW Builders, Inc. v. Fire Prot. Grp.*, No. 16-2340, 2017 WL 3994884, at *2 (D. Kan. Sept. 7, 2017) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[3] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

Civ. P. 16(b)(4) also is implicated.[6]  As stated above, Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause."  Thus, the Tenth Circuit has directed courts to use "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed."[7]

<u>Motion for Extension of Time to Disclose Expert Witnesses (ECF No. 48)</u>

Plaintiff seeks an extension of his expert-disclosure deadline on the grounds that a motion for injunctive relief filed by defendants in Georgia state court has prevented plaintiff from presenting certain "financial statements" he's prepared to an expert for review in the instant litigation.  Defendants acknowledge they filed an action in Georgia state court to prevent plaintiff "from accessing and disclosing confidential information and trade secrets," but claim the documents plaintiff describes—i.e., financial statements plaintiff's prepared for this case—are seemingly outside the scope of the Georgia action insofar as they aren't  PrimeRevenue's property or subject to plaintiff's confidentiality agreement.[8]  Defendants further argue that plaintiff "has known about [d]efendants' Georgia action since mid-October" but "waited until the afternoon of his expert

---

[6] *Gorsuch, Ltd.*, 771 F.3d at 1240–41.

[7] *Id.* at 1241.  If the court finds good cause lacking, it need not reach the Rule 15(a) issue.  *Id.* at 1242.

[8] ECF No. 54 at 2.

disclosure deadline to notify both the [c]ourt and opposing counsel of what would seem to be a significant hindrance in the prosecution of his claims."[9]  Finally, defendants ask the court to deny plaintiff's motion on the basis that plaintiff failed to produce the purported financial statements in response to multiple requests for such information.[10]

<u>Motion for Leave to File First Amended Answer and Counterclaim (ECF No. 49)</u>

Defendants seek leave to amend their answer "to include affirmative defenses and a counterclaim related to overpayments made to [plaintiff]."[11]  Plaintiff opposes the motion on the grounds that the counterclaims are compulsory, and therefore waived, and because defendants were not diligent in pursuing their proposed amendments. Additionally, plaintiff claims he will be prejudiced by defendants' assertion of equitable claims in light of the memorandum and order entered by Judge Marten on October 12, 2017, granting defendants' motion to dismiss plaintiff's equitable claims.[12]  In their reply, defendants make vague reference to plaintiff's September 7, 2017, document production, as well as the parties' failed November 15, 2017 mediation, to explain defendants' delay

---

[9] *Id.* at 4.

[10] Defendants also ask the court to deny plaintiff's motion on the basis that plaintiff failed to separately file a brief or memorandum in support of his motion in violation of D. Kan. Rule 7.1.  Of course, motions filed pursuant to D. Kan. Rule 6.1 are specifically exempted from this requirement.  In any event, the court finds defendants' hyper-technical argument unpersuasive.

[11] ECF No. 50 at 4.

[12] ECF No. 44.  Judge Marten's memorandum and order also dismissed Counts 2 and 4 of plaintiff's complaint.  *Id.*

4

in seeking their proposed amendments.

Analysis

The court finds neither motion makes a particularly persuasive good-cause showing.  With respect to plaintiff's motion, the court observes that plaintiff has apparently known of the Georgia state-court litigation since mid-October, but failed to address this perceived impediment to discovery until the day his expert disclosures were to be served.  Turning to defendants' motion, the court finds defendants' reliance on plaintiff's delayed discovery responses and the parties' scheduled mediation questionable.

However, given the shortcomings of both sides in complying with the scheduling order, the relatively limited nature of the deviations, and the procedural posture of this case, the court concludes the parties have been sufficiently diligent.  The court is not persuaded by plaintiff's prejudice assertions, but notes that any prejudice arising from existing scheduling-order deadlines and settings can be cured by the court.   In that regard, by **January 5, 2018**, the parties shall confer and jointly submit, via email to the undersigned's chambers, a proposed amended scheduling order.

IT IS SO ORDERED.

Dated December 22, 2017, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge
