# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| TERRY PIERCE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.  2:17-cv-2233-JTM-JPO |
| | ) |
| PRIMEREVENUE, INC., | ) |
| DAVID QUILLIAN, and | ) |
| B.J. BAIN, | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT

Defendants PrimeRevenue, Inc., ("PrimeRevenue") David Quillian ("Quillian") and B.J. Bain ("Bain") (collectively, "Defendants"), by and through counsel, and for their Memorandum in Support of their Motion to Enforce the Parties' Settlement Agreement, state the following:

**I.     INTRODUCTION**

On May 25, 2018, the parties reached a binding, enforceable settlement agreement, which contained all of the essential terms, including dismissal of Plaintiff's sole Breach of Contract/Kansas Wage Payment Violation claim (Count I)[1] and Defendants' filed counterclaims. Despite the parties' clear settlement agreement, Plaintiff has now attempted to disavow the agreement by asserting through his counsel, for the first time, that "[t]here is a dispute about the terms of settlement."  For the reasons detailed below, the Court should enforce the parties' settlement, including compelling the filing of a stipulated dismissal of all claims.

---

[1] The Court previously dismissed Counts II-IV of Plaintiff's Amended Complaint on October 12, 2017 (Doc. 44).

## II.   FACTUAL BACKGROUND

1. Plaintiff's action originally asserted claims for Breach of Contract/Kansas Wage Payment Act Violation (Count I) and Breach of the Covenant of Good Faith and Fair Dealing (Count II) against all Defendants; Quantum Meruit (Count III) against Defendant PrimeRevenue; and Tortious Interference with a Business Expectancy (Count IV) against Defendants Quillian and Bain. (Doc. 4).

2. On October 12, 2017, the Court dismissed Counts II, III and IV of Plaintiff's Amended Complaint based on Defendants' filed Motion to Dismiss. (Doc. 44).

3. On December 8, 2017, Defendants filed quantum meruit and unjust enrichment counterclaims against Plaintiff. These claims were a result of numerous commission overpayments which were made to, but never repaid by, Plaintiff during the course of his employment with Defendant, PrimeRevenue. (Doc. 50).

4. On May 25, 2018, Defendants' counsel of record, James ("Jim") R. Ward, communicated the following written settlement offer to Plaintiff's counsel of record, Chris Pickering, via e-mail:

Good morning, Chris:

To confirm our call this morning, PrimeRevenue, David Quillian, and B.J Bain (the "Kansas defendants") are prepared to settle all claims between them and Pierce in the pending Kansas action in accordance with the following core terms:

1. General release by Terry Pierce, in exchange for which the Kansas defendants will pay a total sum of $10,000 to Pierce and will dismiss their counter-claims asserted against Pierce in the Kansas action, with prejudice;

2. Release by the Kansas defendants of all claims that they have asserted against Pierce in the Kansas action, with full exclusion of all claims asserted by Prime Revenue against Pierce in the separate Georgia action, as well as any potential claims that Prime Revenue may have now, or in

2

> the future, against Pierce arising from Pierce's possession, use and/or dissemination of PrimeRevenue's confidential, proprietary, and trade secret information;
>
> 3. Dismissal of all claims asserted by Pierce against the Kansas defendants in the Kansas action, with prejudice;
>
> 4. Tax indemnification by Pierce for any tax consequences related to the settlement payment;
>
> 5. Confidentiality applicable to Pierce and your law firm, including a provision for damages for breach thereof by Pierce;
>
> 6. Mutual non-disparagement;
>
> 7. No re-employment by Pierce with PrimeRevenue or any of its affiliates; and
>
> 8. Each party to bear its own attorney's fees and costs incurred in the Kansas action.
>
> Please confirm that the above is agreeable to you and Mr. Pierce as soon as possible.
>
> Best regards,
>
> Jim

(*See* May 25, 2018 e-mail correspondence exchange between James R. Ward and Chris Pickering, attached hereto as **EXHIBIT A)**.

     5.    In response to the above settlement offer, Plaintiff's counsel, Chris Pickering ("CP") confirmed acceptance of the offer on behalf of Plaintiff Terry Pierce, via e-mail the same day:

> **Jim:**
>
> **On behalf of Terry Pierce, I confirm that this is agreeable.**
>
> **CP.**

(*See* **EXHIBIT A)** (emphasis added).

6.      On June 1, 2018, counsel for Defendants notified the Court, via e-mail, that the case had settled.  (*See* June 1, 2018 e-mail correspondence from James R. Ward to the Court, with "cc" to Chris Pickering, attached hereto as **EXHIBIT B**).  Counsel for Plaintiff, Chris Pickering, was copied on the e-mail notice to the Court and *<u>did not dispute the communication</u>*.  Accordingly, the Court entered an order directing the parties to file a stipulation of dismissal by July 2, 2018. (Doc. 90).

7.      On June 4, 2018, counsel for Defendants sent Plaintiff's counsel a formal Confidential Settlement Agreement and Release (hereinafter, "formal settlement document"), consistent with the settlement reached on May 25, 2018.  Plaintiff's counsel did not respond to this communication.  (*See* June 4, 2018 e-mail from James R. Ward to Chris Pickering, attached hereto as **EXHIBIT C**).

8.      On June 28, 2018, counsel for Defendants contacted Plaintiff's counsel again, via e-mail, to inquire about status of Plaintiff's execution of the formal settlement document.  In addition, counsel for Defendants reminded Plaintiff's counsel of the parties' obligation to file a stipulation of dismissal by July 2, 2018.  Plaintiff's counsel did not respond to this communication. (*See* June 28, 2018 e-mail correspondence from James R. Ward to Chris Pickering, attached hereto as **EXHIBIT D**).

9.      On July 3, 2018, the Court contacted the parties about their failure to file the stipulation of dismissal by July 2, 2018 and directed them to file the stipulation that day.  (*See* attached e-mail exchange between Law Clerk Susan Jarold and Chris Pickering, attached hereto as **EXHIBIT E**).

10. In response to the Court's e-mail communication, Plaintiff's counsel did not deny that the parties had reached settlement, but asserted instead, for the first time, that "[t]here is a dispute about the _terms_ of settlement." (*See* attached **EXHIBIT E**) (emphasis added).

### III.   QUESTION PRESENTED

Should the Court enforce the parties' written settlement agreement, which is clear as to the terms of settlement?

### IV.   ARGUMENT AND AUTHORITIES

#### A.  LEGAL STANDARD

In a case pending before it, a trial court may "summarily enforce a settlement agreement" reached by the parties.[2] Settlement agreements enjoy a favored status in Kansas.[3] Under Kansas law, a settlement agreement is enforceable if there has been a meeting of the minds on all essential terms and the parties intend to be bound by it.[4] Moreover, the fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply that they have not already bound themselves to a definite and enforceable contract.[5] Furthermore, "a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind."[6]

#### B.  THE PARITES ARE BOUND BY A DEFINITE, ENFORCEABLE SETTLEMENT AGREEMENT

The parties unequivocally agreed to all of the essential terms of a binding, enforceable agreement. Specifically, the e-mail correspondence between counsel for Plaintiff and counsel for

---

[2] *United States v. Hardage*, 982 F. 2d 1491, 1496 (10th Cir. 1993).
[3] *Terracon Consultants, Inc. v. Drash*, 2013 U.S. Dist. LEXIS 164244 *1, *19 (D. Kan. 2013) (internal citations omitted).
[4] *Id.*
[5] *Id.*
[6] *TSYS Merch. Solutions, LLC v. Pipeline Prods.*, 2016 U.S. Dist. LEXIS 122272 *1, *9 (D. Kan. 2016).

Defendants, dated May 25, 2018, reflects a definite, clear offer of settlement terms, and an explicit, unequivocal acceptance. That e-mail correspondence identifies the parties to the agreement and the essential terms agreed upon, including monetary and other consideration to effect dismissal of Plaintiff's claims, among other settlement requirements.

Despite multiple opportunities to dispute the existence or terms of the parties' settlement – including in response to defense counsel's June 1, 2018 notice of settlement to the Court – Plaintiff's counsel did not do so. The belated claim by Plaintiff's counsel, asserted for the first time on July 3, 2018, that "[t]here is a dispute about the _terms_ of settlement" of this action should not excuse Plaintiff from abiding by the parties' settlement. Likewise, Plaintiff's failure to execute the formal settlement document does not relieve Plaintiff of his obligation to act in accordance with the parties' May 25, 2018 agreement. *See, e.g., Ross v. Potter*, 2006 U.S. Dist. LEXIS 385 *1 (D. Kan. 2006) (Court dismissed the plaintiff's sex discrimination and retaliation claims after the plaintiff refused to sign the formal written agreement which was based on the parties' previous oral agreement) (emphasis added); *Terracon Consultants, Inc. v. Drash*, 2013 U.S. Dist. LEXIS 164244 *1 (D. Kan. 2013).

Based on the foregoing, Plaintiff must abide by the terms of the parties' settlement agreement, including dismissing the claims in this action pursuant to a joint stipulation of dismissal, as well as executing the formal settlement document consistent with the parties' settlement.

WHEREFORE, Defendants PrimeRevenue, Inc., David Quillian and B.J. Bain respectfully request that the Court grant their Motion to Enforce the Parties' Settlement Agreement and for such other relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      */s/ James R. Ward*
                                      Brian J. Christensen, KS Bar #16528
                                      Brian.Christensen@jacksonlewis.com
                                      James R. Ward, KS Bar # 15924
                                      James.Ward@jacksonlewis.com
                                      JACKSON LEWIS P.C.
                                      7101 College Blvd, Suite 1200
                                      Overland Park, KS 66210
                                      Tel:  (913) 981-1018
                                      Fax:  (913) 981-1019

                                      **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

       I hereby certify that on this 11th day of July, 2018, a true and accurate copy of the above and foregoing was filed electronically via the Court's CM/ECF electronic filing system which will send a notice of electronic filing to the following counsel of record:

    Christopher F. Pickering
    130 N. Cherry St., Suite 100
    Olathe, KS 66061
    Email:  cfp@pickeringlawfirm.com

    **ATTORNEY FOR PLAINTIFF**
    **AND COUNTER DEFENDANT**

                                        */s/ James R. Ward*
                                      **AN ATTORNEY FOR DEFENDANTS**