**Ward, James R. (Kansas City)**

| | |
|---|---|
| **From:** | Ward, James R. (Kansas City) |
| **Sent:** | Monday, June 04, 2018 1:09 PM |
| **To:** | Chris Pickering |
| **Cc:** | Christensen, Brian J. (Kansas City) |
| **Subject:** | RE: Pierce v. PrimeRevenue et al. - CONFIDENTIAL SETTLEMENT COMMUNICATION |
| **Attachments:** | Settlement Agreement.KANSAS Action-5.25.18.docx |

Good afternoon, Chris:

I've attached a Confidential Settlement Agreement and Release document, consistent with the settlement of the Kansas litigation agreed to per our May 25, 2018 e-mail exchange below. If you have any comments regarding the document, please let me know. Otherwise, I assume that you'll execute it, and tender to Terry Pierce for his execution, in the near future.

Thank you,

Jim Ward


**James R. Ward**
Attorney at Law
**Jackson Lewis P.C.**
7101 College Blvd.
Suite 1200
Overland Park, KS 66210
Direct: (913) 982-5752 | Main: (913) 981-1018 | Mobile: (816) 304-1776
James.Ward@Jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the AmLaw 100 law firm ranking and is a proud member of the CEO Action for Diversity and Inclusion initiative*

---

**From:** Chris Pickering [mailto:cfp@pickeringlawfirm.com]
**Sent:** Friday, May 25, 2018 10:56 AM
**To:** Ward, James R. (Kansas City) <James.Ward@Jacksonlewis.com>
**Subject:** Re: Pierce v. PrimeRevenue et al. - CONFIDENTIAL SETTLEMENT COMMUNICATION

Jim:

On behalf of Terry Pierce, I confirm that this is agreeable.

CP

EXHIBIT C

*"Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passion, they cannot alter the state of facts and evidence."* John Adams
Christopher F. Pickering
The Pickering Law Firm, P.A.
130 N. Cherry, Suite 100
Olathe, Kansas 66061
PH: 913-647-9019
Direct: 913-647-9199
FX: 1-844-804-8114


Email: cfp@pickeringlawfirm.com

CONFIDENTIALITY NOTICE:  This email message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email (or call 913-647-9019) and destroy all copies of the original message.  If you are the intended recipient of this message but do not wish to receive communications through this medium, please advise the sender immediately. NOTICE: The Missouri Bar and Missouri Supreme Court require all Missouri attorneys to notify e-mail recipients that e-mail is not a secure method of communication, that it may be copied and held by any computer through which it passes, and persons not participating in the communication may intercept the communication.  Should you wish to discontinue this method of communication, please advise, and no further e-mail communication will be sent.
Thank you

IRS Circular 230 Disclosure:  In the event that we inadvertently give you tax advice - which is unlikely as we disclaim any tax expertise - and to ensure compliance with the requirements imposed by the U. S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachements) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding tax-related or other penalties under the U.S. Internal Revenue Code, or (2) promoting, marketing or recommending to another party any tax related matter addressed herein.

On May 25, 2018, at 10:28 AM, Ward, James R. (Kansas City) <James.Ward@jacksonlewis.com> wrote:

Good morning, Chris:

To confirm our call this morning, PrimeRevenue, David Quillian, and B.J Bain (the "Kansas defendants") are prepared to settle all claims between them and Pierce in the pending Kansas action in accordance with the following core terms:

1. General release by Terry Pierce, in exchange for which the Kansas defendants will pay a total sum of $10,000 to Pierce and will dismiss their counter-claims asserted against Pierce in the Kansas action, with prejudice;

EXHIBIT C

2. Release by the Kansas defendants of all claims that they have asserted against Pierce in the Kansas action, with full exclusion of all claims asserted by Prime Revenue against Pierce in the separate Georgia action, as well as any potential claims that Prime Revenue may have now, or in the future, against Pierce arising from Pierce's possession, use and/or dissemination of PrimeRevenue's confidential, proprietary, and trade secret information;

3. Dismissal of all claims asserted by Pierce against the Kansas defendants in the Kansas action, with prejudice;

4. Tax indemnification by Pierce for any tax consequences related to the settlement payment;

5. Confidentiality applicable to Pierce and your law firm, including a provision for damages for breach thereof by Pierce;

6. Mutual non-disparagement;

7. No re-employment by Pierce with PrimeRevenue or any of its affiliates; and

8. Each party to bear its own attorney's fees and costs incurred in the Kansas action.

Please confirm that the above is agreeable to you and Mr. Pierce as soon as possible.

Best regards,

Jim

**James R. Ward**
Attorney at Law
**Jackson Lewis P.C.**
7101 College Blvd.
Suite 1200
Overland Park, KS 66210
Direct: (913) 982-5752 | Main: (913) 981-1018 | Mobile: (816) 304-1776
James.Ward@Jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the AmLaw 100 law firm ranking and is a proud member of the CEO Action for Diversity and Inclusion initiative*

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the

EXHIBIT C

individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

EXHIBIT C

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ( "Agreement") is made and entered into between Terry Pierce, his heirs, executors, agents, beneficiaries, administrators, and assigns (individually and collectively, "Pierce") on the one hand, and PrimeRevenue, Inc., on its own behalf, and on behalf of its successors, parents, subsidiaries, sister entities, predecessors, assigns, affiliates, employees and officers, including but not limited to David Quillian and P.J. Bain (individually and collectively, "Employer")(Pierce and Employer collectively referred to herein as "Parties"), on the other hand.

WHEREAS, Pierce has made allegations that Employer failed to pay him certain commissions as alleged in a lawsuit styled *Pierce v. PrimeRevenue, Inc. et al.*, United States District Court for the District of Kansas, Case No. 2:17-cv-2233-JTM-JPO ("the Kansas Litigation"); and

WHEREAS, Employer denies any and all allegations of wrongdoing made against it by Pierce; and

WHEREAS, Employer has asserted counterclaims against Pierce for unjust enrichment and quantum meruit in the Kansas Litigation; and

WHEREAS, Pierce denies any and all allegations of wrongdoing asserted against him by Employer; and

WHEREAS, on May 25, 2018, counsel for Employer (James Ward) proposed, via e-mail, core terms of settlement to resolve all claims between Employer and Pierce in the Kansas Litigation, and Pierce's counsel (Chris Pickering) accepted, via e-mail, those core terms on behalf of Pierce on May 25, 2018; and

WHEREAS, with the sole exception being the Unreleased Claims as defined elsewhere herein, the Parties, desire to enter into this Agreement to formalize their agreed core terms of settlement and to discharge all claims that have been or might have been asserted by one party against the other party in the Kansas Litigation, prior to and through the date of this Agreement; and

WHEREAS, the Parties have had the opportunity to confer with legal counsel of their choice regarding the terms of this Agreement; and,

NOW THEREFORE, the Parties hereto agree as follows:

1.    **Consideration.**

      a.   Settlement Payment. Employer agrees to pay or cause to be paid to Pierce the total amount of Ten Thousand Dollars and 00/100 ($10,000.00) (the "Settlement Payment"). The Settlement Payment shall be paid as set forth below, provided current W-9 tax forms are provided to Employer's counsel.

EXHIBIT C

The Settlement Payment shall be paid in a single check to Pierce characterized as payment for alleged but disputed non-wage damages, for which a 2018 IRS Form 1099 will issue.

The Settlement Payment will be delivered to Pierce within ten (10) business days after the filing of the dismissal with prejudice of the Kansas Litigation.

b.   <u>No Contact</u>. Pierce agrees he will not initiate contact with any executive or officer of PrimeRevenue for any purpose through any means of communication including, but not limited to, text messages, telephone, and e-mail.   This prohibition does not preclude Pierce's attorneys from communicating with PrimeRevenue's attorneys, officers, or executives to effectuate the purposes of this Agreement.

2.      **Tax Responsibility.**  Pierce acknowledges that he has not relied on any statements or representations by Employer or its attorneys with respect to the tax treatment of the Settlement Payment described herein. Employer makes no representation as to the taxability of the amounts paid to Pierce. Each party will be exclusively responsible for its own tax liability, if any, that may arise due to the Settlement Payment. In addition, Pierce will indemnify Employer in the event any taxing authority seeks payment from it for any tax obligations arising from the Settlement Payment, including associated penalties and interest.

3.      **Medicare/Medicaid.**  Pierce affirms that as of the date he signs this Agreement, he is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Pierce under this settlement, Pierce agrees to indemnify, defend and hold Employer and the other Releasees harmless from any action by CMS relating to medical expenses of Pierce. Pierce agrees to reasonably cooperate with Employer and/or the other Releasees upon request with respect to any claim that the CMS may make and for which Pierce is required to indemnify Employer and Releasees under this paragraph. Further, Pierce agrees to waive any and all future actions against Employer and Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

4.      **Lawsuits/Pending Claims.**  The Parties agree to dismiss with prejudice all claims and counterclaims pending in the Kansas Litigation.  Pierce will draft and cause to be filed all papers necessary to dismiss with prejudice the Kansas Litigation and Employer likewise will draft and cause to be filed all papers necessary to dismiss with prejudice the counterclaims in the Kansas Litigation.

5.      **<u>Mutual General Release, Claims Not Released, and Related Provisions</u>.**

a.      <u>Mutual General Release.</u>  Pierce knowingly and voluntarily releases and forever discharges Employer, and all of its current and former parent corporations, affiliates, subsidiaries, sister entities, divisions, predecessors, insurers, affiliates, successors and assigns, and their current

EXHIBIT C

and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout this Agreement as "Employer"), of and from any and all claims, known and unknown, asserted or not asserted, which Pierce has or may have against Releasees, or any of them, as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Genetic Information Nondiscrimination Act of 2008;

- The Kansas Equal Pay Act; Kan. Stat. Ann. §44-1205;

- The Kansas Act Against Discrimination; Kan. Stat. Ann. §44-1001, et seq.;

- The Kansas Infectious Disease Act (AIDS Law); Kan. Stat. Ann. §65-6001, et seq.;

- The Kansas Wage Payment Act; Kan. Stat. Ann. §44-313, et seq.;

- Kansas Minimum Wage and Overtime Law; Kan. Stat. Ann. §44-1201, et seq.;

- The Kansas Jury Service Law; Kan. Stat. Ann. §43-173;

- The Kansas Voting Leave Law; Kan. Stat. Ann. §25-418;

- The Kansas Military Leave Laws; Kan. Stat. Ann. §§48-222, 517;

EXHIBIT C

- Kansas laws preventing discrimination against members of the military; Kan. Stat. Ann. §44-1125, et seq.;

- The Kansas Crime Victim Leave Law; Kan. Stat. Ann. §§44-1131, 1132;

- The Kansas Emergency Responders Law; Kan. Stat. Ann. §65-6101;

- The Kansas Criminal History Record Law; Kan. Stat. Ann. §22-4710;

- The Kansas Workers' Compensation Law; Kan. Stat. Ann. §44-501, et seq.;

- The Kansas Service Letter Law; Kan. Stat. Ann. §44-808(3);

- The Kansas Right-to-Work Amendment; Kan. Const. Art. 15 § 12;

- The Georgia equivalents to each of these statutes;

- Any other federal, state, municipal, local law, rule, regulation, or ordinance;

- Any public policy, contract, tort, or common law; or

- Any other basis for recovering costs, fees, or other expenses, including attorneys' fees incurred in these matters.

Similarly, with the exception of the Unreleased Claims defined elsewhere herein, Employer knowingly and voluntarily releases and forever discharges Pierce, his heirs, executors, agents, beneficiaries, administrators, and assigns, from any and all claims, known and unknown, asserted or not asserted, that Employer has or may have against Pierce, as of the date of execution of this Agreement, including but not limited to those claims asserted in the counterclaim in the Kansas Litigation.

The foregoing notwithstanding, the Parties agree that the following claims are not subject to the discharge and releases contained in this Agreement:

(1) The claims asserted by Employer against Pierce in the lawsuit styled *PrimeRevenue, Inc. v. Pierce et al.*, Superior Court of Fulton County, Georgia, Civil Action No. 2017 CV 296488 ("the Georgia Litigation") and/or (2) any claims that Employer could assert against Pierce in the Georgia Litigation or in any other action arising from alleged improper use, possession or dissemination of Employer's property, including Employer's confidential, proprietary, and/or trade secret information (collectively referred to herein as the "**Unreleased Claims**")

The Parties agree that with the exception of the Unreleased Claims, the releases contained in this Agreement are intended to apply and be interpreted as broadly as the law will allow.

b.   <u>Governmental Agencies</u>.  Nothing in this Agreement prohibits or prevents Pierce

EXHIBIT C

from filing a charge with, or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before, any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Pierce's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Pierce agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies against Employer.

      c.    <u>Collective/Class Action Waiver</u>.  If any claim is not subject to release, to the extent permitted by law, Pierce waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

      d.    <u>Acknowledgments and Affirmations</u>.  Pierce affirms that he has reported all hours worked as of the date he signs this Agreement and has been paid and, with the exception of the payments at issue in this dispute, has received all compensation, wages, bonuses, commissions, and/or benefits to which he is entitled. Pierce affirms that he was granted any and all leave to which he was entitled under the Family and Medical Leave Act or similar state or local leave or disability accommodation laws.

      Pierce affirms that he has no known workplace injuries or occupational diseases arising from his employment with Employer.

      Pierce affirms that he will continue to maintain the confidentiality of Employer's confidential information and trade secrets, consistent with his obligations under the Confidentiality and Invention Assignment Agreement executed by Pierce on March 18, 2014, as well as applicable statutes, common law, and court orders, including the Preliminary Injunction entered by the Court in the Georgia Litigation and the Injunction to be submitted to the Court in the Georgia Litigation. The terms and requirements of the Preliminary Injunction restricting Pierce's access and use of Employer's confidential information and trade secrets are incorporated herein by reference as if fully restated herein.

      Pierce affirms that he has not been unlawfully retaliated against for reporting any allegations of wrongdoing by Employer or any of Employer's officers or employees, including any allegations of corporate fraud.

      6.    **Return of Property.**  Pierce agrees that he will preserve all of Employer's property, documents, and confidential, proprietary, and/or trade secret information in his possession or control, including the property that is the subject of the Georgia Litigation and the Preliminary Injunction entered therein. Pierce further agrees that he will return all such property, documents, and confidential, proprietary, and/or trade secret information to Employer in accordance with the Preliminary Injunction. Pierce also affirms that he is in possession of all of his property that he

EXHIBIT C

had at Employer's premises and that Employer is not in possession of any of his property.

7.     **Governing Law and Interpretation.**   This Agreement shall be governed and conformed in accordance with the laws of the state of Kansas without regard to its conflict of laws provision.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language and the confidentiality/limited disclosure provisions, such provision shall become null and void, leaving the remainder of this Agreement in full force and effect.

8.     **Non-admission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Pierce, Employer, or any of the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.     **Confidentiality.**   Pierce agrees that neither he, his family members, his counsel, nor anyone else acting on his behalf has made or shall make any disclosures concerning the existence or terms of this Agreement to any person or entity, including but not limited to any representative of the media, Internet web page or "chat room," judicial or administrative agency or body, business entity or association, except: (a) his attorneys, accountants and financial advisors, or (b) any court or government agency pursuant to an official request made by such government agency, court order, or legally enforceable subpoena. Pierce and his counsel further agree that if asked, the only comment that Pierce and his counsel may make regarding this Agreement and the settlement of this dispute is: "The matter has been resolved to all parties' satisfaction" or a substantially similar statement. In the event Pierce discloses the existence or terms of this Agreement pursuant to subpart (a) above, he shall inform the person or entity to whom the disclosure is made of the existence of this Confidentiality provision, and that such person or entity is required to maintain the same level of confidentiality required by this provision. Should that person breach the confidentiality obligation, it will be as if Pierce breached the obligation himself.   Employer will maintain the confidentiality of this Agreement except to the extent business necessity may require otherwise.

10.     **Damages for Breach.**   In the event Paragraph 9 or 11 is breached, the breaching party shall pay the non-breaching party the greater of one thousand dollars ($1,000.00) or an amount equal to the non-breaching party's actual damages plus interest if allowed by statute. The breaching party shall be responsible for the non-breaching party's reasonable attorney's fees and costs for collecting the same. This amount shall be in addition to any equitable or other legal relief to which the non-breaching may be entitled.

11.     **Non-Disparagement.**   Pierce agrees that he shall not, at any time, directly or indirectly, disparage Employer or any of the other Releasees in any way or make to any person or non-governmental entity any false or defamatory statements about Employer, any of the Releasees, or any of their business activities, whether in person, in e-mail, on social media, blogs, elsewhere on the Internet, or in any other form, nor will he direct or authorize others to do so. For its part, Employer certifies that P. J. Bain and David Quillian will refrain from disparaging Pierce in the same manner that Pierce is prohibited from disparaging Releasees. In the event Employer receives a request for a reference concerning Pierce from another company or organization, Employer will

EXHIBIT C

only provide the requesting party a neutral reference consisting of (i) verification of Pierce's employment with Employer; (ii) dates of Pierce's employment; and (iii) positions held by Pierce.

12.   **No Reemployment.**   Pierce agrees that he will not reapply for or accept employment with Employer, or any of the other Releasees, and that, in the event he does reapply for or accept such employment, Employer, its affiliates, and any of the other Releasees shall have no obligation to employ him or offer him employment in the future, and he shall have no recourse against Employer, its affiliates, or any of the other Releasees if any of them refuse to employ him or to offer him employment, or if they employ him and subsequently discharge him from employment because of this Agreement.

13.   **Amendment.**   This Agreement may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

14.   **Attorney's Fees and Costs.**   Each party hereto will bear the expense of their own attorneys including costs and expenses incurred through the date of settlement.

15.   **Entire Agreement.**   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties regarding the claims and matters at issue in the Kansas Litigation.  Pierce acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement and from his own attorneys.

16.   **Acknowledgement of Understanding.**   The Parties further represent that they are able to read the language and understand the meaning and effect of this Agreement; that they have read and understand this Agreement and the effect thereof and that their attorneys have explained the same to them.

**PIERCE IS ADVISED THAT HE HAS HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. PIERCE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND ACKNOWLEDGES THAT HE, IN FACT, HAS CONSULTED WITH COUNSEL.**

**PIERCE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE, WHETHER KNOWN OR UNKNOWN, AGAINST RELEASEES. PIERCE ALSO ACKNOWLEDGES THAT HE IS <u>NOT</u> BEING RELEASED FROM THE UNRELEASED CLAIMS AS DEFINED ELSEWHERE HEREIN.**

EXHIBIT C

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

TERRY PIERCE:                          PRIMEREVENUE, INC. on behalf of itself
                                       and all Releasees:

_____              By: _____

Name: _____        Name: _____

                                       Title: _____

Date: _____, 2018          Date: _____, 2018


## **RELEASE OF LIENS – ATTORNEY PICKERING**

The undersigned, attorney for Terry Pierce, hereby certifies that he has explained this Confidential Settlement Agreement and Release to Terry Pierce and that Terry Pierce understands its contents and meaning and said attorney also releases and waives any and all claims that he or his law firm may have as attorney and represents that no other person or entity has any liens on the consideration paid for the foregoing Confidential Settlement Agreement and Release and the undersigned agrees to defend and indemnify the Releasees from any and all claims or liens on the settlement proceeds.


_____
Date                                   _____
                                       Christopher Pickering


4843-7242-4538, v. 1

EXHIBIT C

**AGREED AS TO FORM AND SUBSTANCE:**


_____

Christopher F. Pickering
Kansas Bar No. 14272
130 N. Cherry St., Suite 100
Olathe, KS 66061
Email:  cfp@pickeringlawfirm.com

*Counsel for Terry Pierce*


*/s/Brian J. Christensen*_____
Brian J. Christensen
Kansas Bar No. 16528
James R. Ward
Kansas Bar No. 15924

7101 College Boulevard, Suite 1200
Overland Park, Kansas 66210
Telephone:  (913) 981-1018
Facsimile:  (913) 981-1019
Email:     brian.christensen@jacksonlewis.com
Email:     james.ward@jacksonlewis.com

*Counsel for PrimeRevenue, Inc., David Quillian, and P.J. Bain*

4816-1862-4358, v. 1

EXHIBIT C