IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY PIERCE,

    Plaintiff,

v.                                                      Case No. 17-2233-JWB

PRIMEREVENUE, INC., et al.,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to enforce the parties' settlement agreement. (Doc. 91.) Plaintiff has not filed a response and the time for doing so has now passed. For the reasons stated herein, Defendants' motion is GRANTED.

**I.    Facts and Procedural History**

Plaintiff initially filed this action in Johnson County, Kansas, alleging claims of breach of contract, failure to pay wages under the Kansas Wage Payment Act (KWPA) and quantum meruit. (Doc. 1.) Plaintiff is a former employee of PrimeRevenue and alleges that Defendants have failed to pay him earned commissions. Defendants removed this action to this court. (Doc. 1.) Plaintiff later amended his complaint and added a claim of tortious interference. (Doc. 14.) On October 12, 2017, Judge Marten dismissed three of Plaintiff's claims in the amended complaint, leaving only count 1, which alleged both a breach of contract and a violation of the KWPA. (Doc. 44.) Defendants filed an answer and the parties proceeded to discovery in this action.

On May 25, 2018, Defendants' counsel communicated a settlement offer via e-mail to Plaintiff's counsel of record at the time, Chris Pickering:

> Good morning, Chris:
>
> To confirm our call this morning, PrimeRevenue, David Quillian, and B.J Bain (the "Kansas defendants") are prepared to settle all claims between them and Pierce in the pending Kansas action in accordance with the following core terms:
>
> 1. General release by Terry Pierce, in exchange for which the Kansas defendants will pay a total sum of $10,000 to Pierce and will dismiss their counter-claims asserted against Pierce in the Kansas action, with prejudice;
>
> 2. Release by the Kansas defendants of all claims that they have asserted against Pierce in the Kansas action, with full exclusion of all claims asserted by Prime Revenue against Pierce in the separate Georgia action, as well as any potential claims that Prime Revenue may have now, or in the future, against Pierce arising from Pierce's possession, use and/or dissemination of PrimeRevenue's confidential, proprietary, and trade secret information;
>
> 3. Dismissal of all claims asserted by Pierce against the Kansas defendants in the Kansas action, with prejudice;
>
> 4. Tax indemnification by Pierce for any tax consequences related to the settlement payment;
>
> 5. Confidentiality applicable to Pierce and your law firm, including a provision for damages for breach thereof by Pierce;
>
> 6. Mutual non-disparagement;
>
> 7. No re-employment by Pierce with PrimeRevenue or any of its affiliates; and
>
> 8. Each party to bear its own attorney's fees and costs incurred in the Kansas action.
>
> Please confirm that the above is agreeable to you and Mr. Pierce as soon as possible.
>
> Best regards,
> Jim

(Doc. 92, Exh. A).

Shortly thereafter, on the same day, Plaintiff's counsel responded as follows: "Jim: On behalf of Terry Pierce, I confirm that this is agreeable." (*Id.*) On June 1, defense counsel notified Magistrate Judge O'Hara that the parties had reached an agreement. Plaintiff's counsel was cc'd on this email. (Doc. 92, Exh. B.) The court entered an order requiring a stipulation of dismissal to

be filed by July 2. (Doc. 90.) On June 4, defense counsel emailed Plaintiff's counsel a document entitled "Confidential Settlement Agreement", which appears to have been intended to place the terms from the email agreement into a more formalized settlement document. (Doc. 92, Exh. C.) On June 8, defense counsel contacted Plaintiff's counsel regarding the status of the Confidential Settlement Agreement. Plaintiff's counsel did not respond. On July 3, the court's clerk contacted the parties regarding the obligation to file the stipulation of dismissal. In response, Plaintiff's counsel indicated that there was a dispute regarding the terms of the settlement agreement and that the parties were working towards a resolution. (Doc. 92, Exh. E.) The email does not indicate the dispute.

Defendants filed a motion to enforce the settlement agreement. (Doc. 91.) After the filing of the motion, Plaintiff's counsel moved to withdraw. Plaintiff's counsel notified Plaintiff that he would be obligated to comply with all court orders after Plaintiff's counsel withdrew from the action. (Doc. 94.) Magistrate Judge O'Hara granted Plaintiff's counsel's motion to withdraw finding that he had complied with this court's rules regarding the same. (Doc. 100.) The order was mailed to Plaintiff's address that was provided by counsel. Plaintiff's counsel also filed a motion for an extension of time to file a response to the motion to enforce. (Doc. 93.) The court granted the motion for an extension of time and mailed the order to Plaintiff's address of record. (Doc. 101.) The response deadline was September 17. That deadline has now passed and Plaintiff has not filed a response or requested an extension of time.

II. Analysis

The district court has the authority to "summarily enforce a settlement agreement" which was entered into by the parties. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Because the facts in Defendants' motion are undisputed, an evidentiary hearing is not necessary.

*Id*. A settlement agreement is a contract and issues involving the formation, construction and enforceability of it are governed by state contract law. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

Kansas law favors settlement agreements. *Terracon Consultants, Inc. v. Drash*, No. 2:12-CV-02345-EFM, 2013 WL 6080429, at *6 (D. Kan. Nov. 19, 2013). Under Kansas law, a "settlement agreement is enforceable if there has been a meeting of the minds on all essential terms and the parties intend to be bound." *Id.* "To constitute a meeting of the minds there must be a fair understanding between the parties which normally accompanies mutual consent." *Barnett v. Life Ins. Inv'rs Co. of Am.*, 293 F. Supp. 2d 1220, 1225 (D. Kan. 2003). When determining whether there was an intent to be bound, the court looks to whether the parties' "outward expression of assent is sufficient to form a contract." *Sw. & Assocs. v. Steven Enters., LLC*, 32 Kan. App. 2d 778, 781 (Kan. Ct. App. 2004).

Settlement agreements should be enforced unless there is a finding of fraud or bad faith. *U.S. ex rel. Quality Tr., Inc. v. Cajun Contractors, Inc.*, No. 04-4157-SAC, 2008 WL 410121, at *6 (D. Kan. Feb. 13, 2008). After a party has entered into a settlement agreement, he cannot avoid the terms because he has changed his mind. *TSYS Merch. Sols., LLC v. Pipeline Prods.*, No. 16-4024-SAC, 2016 WL 4702419, at *3 (D. Kan. Sep. 8, 2016). Additionally, "the fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply they have not already bound themselves to a definite and enforceable contract." *Terracon Consultants, Inc.*, 2013 WL 6080429, at *6. "Parties can bind themselves to a contract orally or by informal letters or e-mails." *Murphey v. Mid-Century Ins. Co.*, No. 13-2598-JAR-JPO, 2014 WL 2619073, at *4 (D. Kan. June 12, 2014). To find otherwise would have a "chilling effect" on the parties' ability to rely on such communications. *Id.*

The court finds that the parties' email settlement agreement is a binding contract and is enforceable. The emails exchanged by counsel are evidence of mutual assent, include all essential terms and show that the parties had a meeting of the minds regarding the essential terms. Although a party's attorney must have actual authority to enter into an agreement, *see Mulvaney v. St. Louis Sw. Ry. Co.*, No. CIV. A. 91-2386-L, 1992 WL 223771, at *1-2 (D. Kan. Aug. 13, 1992), the email by Plaintiff's counsel specifically stated that on behalf of his client, the terms were agreeable. This uncontroverted evidence shows that Plaintiff's attorney had authority to accept a settlement offer. Therefore, the acceptance is binding on Plaintiff. *Id.* at *2 ("Thus, only if the plaintiff had bestowed actual authority upon Mr. Lee, either expressly or in some other manner recognized by law, to settle the plaintiff's claims against the defendant will the alleged settlement agreement at issue be binding upon the plaintiff.")

Plaintiff's failure to execute the formalized Confidential Settlement Agreement does not relieve him of his obligations that were set forth in the email agreement. *See Terracon Consultants, Inc.*, 2013 WL 6080429, at *6. With no evidence of fraud or bad faith, the email settlement agreement is binding and must be enforced. Plaintiff's counsel's email to the court regarding a purported dispute to a term of the settlement agreement does not support a finding of fraud or bad faith. The parties agreed to the terms set forth in the email settlement agreement and, absent mutual assent to additional terms in the formalized Confidential Settlement Agreement, the terms in the email exchange constitute the terms of the settlement agreement.

Additionally, Plaintiff failed to respond to the motion. Unless the court orders otherwise, responses to a dispositive motion must be filed and served within 21 days. D. Kan. Rule 6.1(d). Without a justifiable excuse, a party or attorney who does not respond to a motion within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. D. Kan.

Rule 7.4(b). Under the local rules, when a party fails to respond, the motion is ordinarily viewed as an uncontested motion and is granted. *Limon v. City of Liberal*, No. 02-4019-DWB, 2003 WL 21659655, at *2 (D. Kan. May 19, 2003).

Plaintiff waived his right to file a response because he failed to respond to the motion within the time ordered by this court. The court therefore views the motion as uncontested. The uncontested facts in Defendants' motion show that Plaintiff entered into a binding agreement and agreed to dismissal of his claims as part of that settlement. Based on the above analysis, there is a legally sufficient basis to grant the motion.

### III. Conclusion

Defendants' motion to enforce the settlement agreement (Doc. 91) is GRANTED. Within 10 days of this order, Defendants must remit the settlement payment to Plaintiff. After doing so and providing evidence of the same to the court, Defendants may move for dismissal of the action. Plaintiff shall have twenty-one days thereafter to respond to the motion in the event a response is necessary.

Defendants further asserted that Plaintiff must execute a formal settlement agreement. (Doc. 92 at 6.) Defendants' requested relief is DENIED. The email settlement agreement is an enforceable settlement agreement and does not state that the parties agreed to execute a formal settlement agreement.

**IT IS SO ORDERED** this 2nd day of October, 2018

                                        ___s/ John W. Broomes_____
                                        JOHN W. BROOMES
                                        UNITED STATES DISTRICT JUDGE